IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW HENDRICKS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>BRUCE HOWARD, Warden, )<br>)<br>Respondent. ) | Case No. CIV-07-366-F |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking habeas relief from his state court convictions. United States District Judge Stephen P. Friot referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The petition was promptly examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases. As it appeared the petition was untimely, the undersigned ordered Petitioner to show cause why it should not be dismissed and for the Oklahoma Attorney General to file a reply on behalf of Respondent. Those briefs have been filed and for the following reasons, it is recommended that the petition be dismissed as untimely.

By this action, Petitioner challenges his convictions upon his guilty pleas to manufacturing a controlled dangerous substance, possession of a controlled dangerous substance, maintaining a dwelling where controlled dangerous substances are kept, and possession of drug paraphernalia, for which he was sentenced on August 26, 2003, to concurrent fifteen, ten, five, and one year terms of imprisonment. Case No. CF-2002-6383, District Court of Oklahoma County, Docket; Petition, p. 2; Reply, Ex. 1. Petitioner did not move to withdraw his guilty pleas or directly appeal his convictions. Case No.

CF-2002-6383, District Court of Oklahoma County, Docket; Petition, p. 3. On January 27, 2005, Petitioner filed an application for post-conviction relief in the trial court which was denied on March 7, 2005. Case No. CF-2002-6383, District Court of Oklahoma County, Docket; Reply, Ex. 1. Petitioner appealed the denial to the Oklahoma Court of Criminal Appeals which dismissed his appeal on May 3, 2005, for failure to provide a certified copy of the trial court's order denying relief. Case No. PC-2005-367, Docket; Reply, Ex. 3. On December 18, 2006, Petitioner filed pleadings in the Oklahoma Court of Criminal Appeals re-attempting to appeal the trial court's denial of his application for post-conviction relief. The Oklahoma Court of Criminal Appeals issued an order declining jurisdiction over Petitioner's attempted appeal and dismissing the action on January 12, 2007. Case No. PC-2006-1295, Docket; Reply, Ex. 4. The petition for federal habeas relief was filed in this Court on March 28, 2007. Petition, p. 2.

Petitioner seeks habeas relief on seven grounds. In Grounds One and Six, Petitioner claims that his Fourth Amendment right to be free from illegal searches and seizures was violated. Id. at 6, 11c.[1] In Ground Two, Petitioner asserts ineffective assistance of trial counsel. Id. at 7. In Ground Three, Petitioner claims he was not given Miranda warnings. Id. at 9. In Ground Four, Petitioner claims a violation of his right to due process. Id. at 11. In Ground Five, Petitioner claims he was mentally incapacitated during the criminal proceedings and lacked the mens rea to support his convictions. Id.

---

[1] Petitioner inserted several pages into the petition form after pre-printed page 11 without adjusting the pre-printed page numbering to reflect the additional pages. The undersigned refers to the first page after pre-printed page 11 as page 11a, the second as 11b, and so forth through 11f. The pre-printed page numbering recommences at pre-printed page 12.

at 11a. Finally, in Ground Seven, Petitioner claims that the trial judge's actions deprived him of a fair trial. Id. at 11e.

## I. SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006); Alva v. Teen Help, 469 F.3d 946, 956 (10th Cir. 2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Day, 126 S. Ct. at 1684. Further, when raising the issue sua sponte, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits" of the petition. Id. (quotation omitted); Thomas v. Ulibarri, No. 06-2195, 2007 WL 259695, at *1 n.1 (10th Cir. Jan. 31, 2007).[2]

The initial review of the petition showed that it was untimely filed. However, Petitioner alleged among other things that he suffered from a mental illness during his criminal proceedings. Petition, p. 14. Accordingly, Petitioner was ordered to show cause why the petition should not be dismissed as untimely and why his alleged mental illness affected his ability to timely file this action. The Attorney General was directed to reply.

---

[2] This and any other unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

## II.     AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitations period governing the claims of habeas petitioners in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsections (B), (C), or (D), the limitations period generally begins to run from the date on which the judgment became final. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not alleged anything to suggest that subsections (B), (C), or (D) may apply to the petition, so its timeliness will be evaluated from the date Petitioner's convictions became final by the expiration of the time for seeking direct review.

The trial court entered its judgment of conviction on August 26, 2003. Case No. CF-2002-6383, District Court of Oklahoma County, Docket; Reply, Ex. 1, 2. Petitioner had ten days from that date to move to withdraw his guilty pleas. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. As Petitioner

did not, his convictions became final for limitations purposes on September 5, 2003. Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001) (petitioner's three convictions pursuant to guilty pleas were final ten days after the entry of each judgment and sentence where petitioner failed to appeal each conviction, citing Rule 4.2). Therefore, the one-year limitations period began to run on September 5, 2003, and expired on September 5, 2004. Malone v. State, Nos. 03-6246, 03-6175, 2004 WL 1249850, at * 1 (10th Cir. June 8, 2004) (the one year limitation period should be calculated using anniversary date method, citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)).[3] The petition was filed March 28, 2007, which is several years after the limitations period expired. Petition, p. 2. Thus, absent statutory or equitable tolling, the petition is untimely.

A.   **Statutory Tolling**

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). However, only those applications for state post-conviction relief filed prior to the expiration of the AEDPA limitations period toll it. See Fisher, 262 F.3d at 1142-43. Thus, although Petitioner filed an application for state-post conviction relief (and

---

[3]It has no bearing on this case, but the undersigned notes some inconsistency in the Circuit as to whether the statute of limitations starts running on the date the conviction becomes final or starts the following day. Compare Malone, supra and Fleming v. Evans, 481 F.3d 1249, 1255 (10th Cir. 2007) (petitioner's conviction became final on December 31, 2001 and the statute of limitations expired on December 31, 2002.), with Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004.").

assuming that application was "properly" filed), it did not toll the running of the AEDPA limitations period because Petitioner did not seek state post-conviction relief until January 2005 which was several months after its September 2004 expiration.

### B. Equitable Tolling

In response to the show cause order, which specifically asked Petitioner to explain how his alleged mental illness affected his ability to timely file the petition, Petitioner claims that the Social Security Administration ("SSA") has determined that he is 90% mentally disabled and he also claims to suffer from bipolar disorder, acute manic depression, and a "serious heart condition." Response, p. 1-2. He contends that the synergistic effect of lithium and a medication that he takes to treat his heart condition is lethal and for that reason, he must forego taking lithium. Id. He states that he has attempted suicide six times and that three of these attempts occurred while he was in the custody of the Oklahoma Department of Corrections ("DOC"). Id. at 2.

Respondent contends that these allegations are insufficient to justify equitably tolling the limitations period. Respondent argues that because Petitioner had the ability to initiate legal proceedings in 2005, "it is clear that Petitioner had the ability to file a habeas petition with this Court prior to the expiration of the statutory one year period as well." Reply, p. 6.

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir.

2000). To justify equitable tolling, a petitioner must diligently pursue his claims and he bears the burden to "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

The Tenth Circuit Court of Appeals has not expressly recognized mental incapacity as a basis for equitably tolling limitations periods in a published opinion, but has remarked that if mental incapacity does justify equitable tolling, it is limited to "exceptional circumstances." Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996) (considering whether to equitably toll Title VII limitations period on basis of mental incapacity); Rivera v. Beck, No. 04-6317, 122 Fed. Appx. 408, 410 (10th Cir. Feb. 1, 2005) (refusing to equitably toll AEDPA limitations period for claim of mental incapacity as claim lacked both legal and factual support). However, in an unpublished decision, the Tenth Circuit stated that equitable tolling based on mental incapacity is warranted but only in "exceptional circumstances." Reupert v. Workman, No. 01-6440, 45 Fed. Appx. 852, 854 (10th Cir. Sept. 3, 2002) (citing Biester, 77 F.3d at 1268). Such exceptional circumstances include an adjudication of incompetence, institutionalization for mental incapacity, or where it is shown that mental incapacity renders the individual incapable of pursuing his own claim. Id. If a litigant is capable of pursuing legal remedies during the relevant time period, equitable tolling based upon mental incapacity is not appropriate. Biester, 77 F.3d at 1268; Smith v. Saffle, No. 01-5078, 28 Fed. Appx. 759, 760 (10th Cir. Oct. 10, 2001) (refusing to equitably toll AEDPA limitations period where petitioner pursued state post-conviction relief).

If there is a case where AEDPA's limitations period should be equitably tolled based upon mental incompetence, this is not it. Petitioner has not been adjudicated incompetent and he does not claim to have been institutionalized for mental incapacity. Moreover, nothing is reflected in the docket sheet from Petitioner's Oklahoma County case to show that Petitioner's mental condition was ever an issue. Accordingly, equitable tolling would only be appropriate if Petitioner's mental condition rendered him incapable of pursuing his legal claims. Reupert, 45 Fed. Appx. at 854. But Petitioner's allegations concerning his ability to pursue his legal remedies during the relevant time frame, September 5, 2003 through September 5, 2004, are too conclusory and specious to be availing. He has not described his symptoms, discussed his condition or treatment at any specific point, or otherwise enlightened the Court as to precisely how his mental difficulties impaired his ability to pursue legal relief. See Response, pp. 1-2. That the SSA determined that Petitioner was 90% disabled for the purpose of distributing benefits does not necessarily mean that he lacked the mental faculties to timely seek habeas relief. See, e.g., Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988) (noting that disability has a specific definition within the social security context).

Petitioner claims that he cannot take lithium to treat his bipolar disorder because it "reacts fatally" with an unspecified heart medication that he claims to take. Id. at 1. Respondent has contradicted Petitioner's claim with a letter from a DOC psychologist (which specifically states that Petitioner requested the letter and that it has been placed in his DOC medical file) showing that DOC physicians prescribed lithium to treat Petitioner's mental condition and that he was taking lithium in 2004. Compare id. at 1,

with Reply, Ex. 2. Thus, it appears that Petitioner's mental condition was treatable and treated during his time to pursue post-conviction relief. Even if his lethal synergistic effect claim was uncontradicted, all it would establish is that Petitioner could not take lithium. Petitioner does not contend that his condition was completely untreated with other medications or explain how it prevented him from timely filing the petition. See Response, pp. 1-2.

That Petitioner began to seek post-conviction relief in the trial court in 2005 further diminishes the likelihood that he was unable to pursue his legal claims during the relevant time period. Petitioner does not indicate that his condition was prohibitively serious during 2003-2004 but improved by the beginning of 2005. See Response, pp. 1-2; Saffle, 28 Fed. Appx. at 760 (refusing to equitably toll AEDPA limitations period where petitioner sought post-conviction relief in years preceding the filing of § 2254 petition).

Petitioner claims that he is not able to demonstrate the legitimacy of his mental incapacity claims because the DOC and SSA will not release his records without a court order. Response, pp. 2-3. That does not prevent Petitioner from elaborating on his claims at least with his personal recollection of the facts because pro se litigants are capable of informing the court of the information supporting their claims. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury . . . ."). Furthermore, Petitioner could have refreshed his memory if necessary because DOC regulations allow inmates to review their own

psychiatric records.  See Dep't of Corr. Op. Mem. OP-140108 sec. VI, sec. XIII(5). Although Petitioner claims he was denied access to these records, he does not apprise the Court of what steps he took to comply with DOC policy governing inmate access to records or elaborate whatsoever on the alleged denial of access to these records.  Thus, it is unclear whether Petitioner was denied access to records or simply failed to employ established procedures.  Petitioner has not shown how these records would have demonstrated a basis for equitably tolling the limitations period, particularly in light of the letter from the DOC psychologist in Petitioner's file which shows that Petitioner was treated for his mental condition.  The mere fact that Petitioner has a mental disease does not absolve him of the obligation to comply with filing deadlines.  See Reupert, 45 Fed. Appx. at 854.   Given the lack of clear legal authority supporting Petitioner's argument for equitable tolling and the total failure to provide detail concerning his claims, equitable tolling based upon mental incapacity is not appropriate here.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition [Doc. No. 1] be dismissed as untimely.  In light of the foregoing recommendation, Petitioner's "Motion for Stay of Proceedings" [Doc. No. 12] and "Motion for Minimum 120 Day Enlargement" [Doc. No. 13] are **DENIED.**  The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court on or before September 12, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The parties are further advised that failure to file a timely objection to this Report and

Recommendation waives the right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).

**ENTERED this 23rd day of August, 2007.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE